**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GENE POOL TECHNOLOGIES, INC.,<br><br>*Plaintiff*,<br><br>vs.<br><br>CRESCO LABS INC.,<br><br>*Defendant*. | Case No. 1:26-cv-09551<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Gene Pool Technologies, Inc. ("Gene Pool" or "Plaintiff"), by and through its undersigned counsel, complains and alleges against Defendant Cresco Labs Inc. ("Cresco" or "Defendant") as follows:

**NATURE OF THE ACTION AND THE PARTIES**

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

2. Plaintiff Gene Pool is a company organized and existing under the laws of the State of Colorado, with its principal place of business in Denver, Colorado.

3. On information and belief, Defendant Cresco Labs Inc. is a corporation organized and existing under the laws of British Columbia, Canada, with its principal United States place of business at 600 W. Fulton Street, Suite 800, Chicago, Illinois 60661.

4. On information and belief, Cresco is in the business of cultivating, processing, manufacturing, offering for sale, selling, and distributing products extracted from cannabis, including at facilities located throughout the United States.

5. On information and belief, Cresco has used and continues to use ExtractionTek Solutions' Modular Extraction Platform 30 ("MeP 30 Extraction System") and/or other closed-loop hydrocarbon extraction platforms (collectively, "the Accused Systems") to extract products from cannabis, thereby infringing system and method claims of Gene Pool's patents. The method of operating the MeP 30 Extraction System and other Accused Systems to perform that extraction is referred to herein as the "ExtractionTek Method" and is described in the MeP Reference Manual attached as Exhibit 6. The MeP Reference Manual was publicly disclosed in *Gene Pool Techs., Inc. v. Coastal Harvest, LLC*, No. 5:21-cv-01328-JWH-SHK (C.D. Cal.) ("Coastal Harvest Litigation"), Dkt. No. 140-2 at Joint Exhibit 0243-330.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a), because this is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

7. This Court has personal jurisdiction over Cresco because Cresco maintains its principal United States place of business in Chicago, Illinois, within this District, such that Cresco is "at home" in Illinois for purposes of general personal jurisdiction.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(c)(3) and 1400(b). Because Cresco is a corporation organized under the laws of British Columbia, Canada, it does not reside in any judicial district of the United States for purposes of the patent venue statute and may therefore be sued in any judicial district, including this one. Venue is independently proper because Cresco maintains a regular and established place of business in this District at 600 W. Fulton Street, Suite 800, Chicago, Illinois 60661 and has committed acts of infringement in this District.

**GENE POOL'S ASSERTED PATENTS**

9. The United States Patent and Trademark Office issued U.S. Patent No. 9,144,751 ("the '751 patent")—titled "Systems for Extracting Solute from a Source Material"—on September 29, 2015. The '751 patent identifies Jason Wasserman, Jess Ordower, and Samuel Decker as inventors. A true and correct copy of the '751 patent is attached as Exhibit 1.

10. The United States Patent and Trademark Office issued U.S. Patent No. 9,145,532 ("the '532 patent")—titled "Methods for Extracting Solute from a Source Material"—on September 29, 2015. The '532 patent identifies Jason Wasserman, Jess Ordower, and Samuel Decker as inventors. A true and correct copy of the '532 patent is attached as Exhibit 2.

11. The United States Patent and Trademark Office issued U.S. Patent No. 9,587,203 ("the '203 patent")—titled "Methods for Extracting Solute from a Source Material"—on March 7, 2017. The '203 patent identifies Jason Wasserman, Jess Ordower, and Samuel Decker as inventors. A true and correct copy of the '203 patent is attached as Exhibit 3.

12. The United States Patent and Trademark Office issued U.S. Patent No. 11,530,368 ("the '368 patent")—titled "Methods for Extracting Solute from a Source Material"—on December 20, 2022. The '368 patent identifies Jason Wasserman, Jess Ordower, and Samuel Decker as inventors. A true and correct copy of the '368 patent is attached as Exhibit 4.

13. The United States Patent and Trademark Office issued U.S. Patent No. 11,565,194 ("the '194 patent")—titled "Systems for Extracting Solute from a Source Material"—on January 31, 2023. The '194 patent identifies Jason Wasserman, Jess Ordower, and Samuel Decker as inventors. A true and correct copy of the '194 patent is attached as Exhibit 5.

14. Gene Pool is the owner of all right, title, and interest in and to the '751, '532, '203, '368, and '194 patents (collectively, "the Asserted Patents") with full and exclusive right to bring suit to enforce the Asserted Patents, including the right to recover for past

damages and/or royalties up until the expiration of each Asserted Patent.

15. The Asserted Patents are valid and enforceable.

16. The accused MeP 30 Extraction System has previously been at issue in a separate patent infringement action Gene Pool brought against a different cannabis operator using the same equipment, *Gene Pool Techs., Inc. v. Coastal Harvest, LLC*, No. 5:21-cv-01328-JWH-SHK (C.D. Cal.), which asserted the ’751, ’532, and ’203 patents (among others). *See* Exhibit 6, MeP Reference Manual. The Central District of California has already held on summary judgment that ExtractionTek extractors infringe, among other claims, claim 17 of the ’751 patent and claim 14 of the ’532 patent. *See id.*, Dkt. 159, p. 28. The Court also entered judgment affirming that Gene Pool is entitled to damages consisting of 4.5% of the total royalty base. *See id.*, Dkt. 183, p. 10.

17. The representative claims of the ’751, ’532, and ’203 patents were held valid and remain enforceable after being challenged in *inter partes* review proceedings brought by ExtractionTek. *See* IPR2022-00625, Paper No. 39; IPR2022-00832, Paper No. 32; IPR2022-01011, Paper No. 34.

**<u>COUNT 1 – CLAIM FOR INFRINGEMENT OF THE ’751 PATENT</u>**

18. Gene Pool repeats and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

19. On September 29, 2015, the United States Patent and Trademark Office issued U.S. Patent No. 9,144,751, titled “Systems for Extracting Solute from a Source Material.” Exhibit 1.

20. Gene Pool is the owner of the ’751 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

21. The claims of the ’751 patent were duly issued by the United States Patent and Trademark Office and are presumed by statute to be valid.

22. Cresco has directly infringed and continues to directly infringe one or more claims of the ’751 patent, including at least claim 17, pursuant to 35 U.S.C. § 271(a) by using the Accused Systems to extract solutes from cannabis plant source material without authority from Gene Pool.

23. Attached hereto as Exhibit 7, and incorporated by reference herein, is a claim chart detailing how Cresco’s use of the MeP 30 Extraction System infringes at least claim 17 of the ’751 patent. The descriptions within the exhibit, which are based on publicly available information, are preliminary examples only, and are non-limiting.

24. Gene Pool contends that each element of each asserted claim is literally present in Cresco’s use of the MeP 30 Extraction System and ExtractionTek Method. Alternatively, Gene Pool contends that each such element is present under the doctrine of equivalents.

25. Cresco is not authorized to practice the claims of the ’751 patent.

26. Since at least service of this Complaint, Cresco’s infringement has been and continues to be willful. Cresco has had knowledge of the ’751 patent, and without a good faith belief of invalidity or noninfringement, has known or been willfully blind to the fact that its use of the MeP 30 Extraction System infringes the ’751 patent.

27. Gene Pool is entitled to recover the damages sustained as a result of Cresco’s wrongful acts in an amount subject to proof at trial.

28. Gene Pool has been damaged by Cresco’s infringement of the ’751 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT 2 – CLAIM FOR INFRINGEMENT OF THE ’532 PATENT

29. Gene Pool repeats and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

30. On September 29, 2015, the United States Patent and Trademark Office issued U.S. Patent No. 9,145,532, titled "Methods for Extracting Solute from a Source Material." Exhibit 2.

31. Gene Pool is the owner of the '532 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

32. The claims of the '532 patent were duly issued by the United States Patent and Trademark Office and are presumed by statute to be valid.

33. Cresco has directly infringed and continues to directly infringe one or more claims of the '532 patent, including at least claim 14, pursuant to 35 U.S.C. § 271(a) by using the Accused Systems and the ExtractionTek Method to extract solutes from cannabis plant source material without authority from Gene Pool.

34. Attached hereto as Exhibit 8, and incorporated by reference herein, is a claim chart detailing how Cresco's use of the MeP 30 Extraction System and the ExtractionTek Method infringes at least claim 14 of the '532 patent. The descriptions within the exhibit, which are based on publicly available information, are preliminary examples only, and are non-limiting.

35. Gene Pool contends that each element of each asserted claim is literally present in Cresco's use of the MeP 30 Extraction System and ExtractionTek Method. Alternatively, Gene Pool contends that each such element is present under the doctrine of equivalents.

36. Cresco is not authorized to practice the claims of the '532 patent.

37. Since at least service of this Complaint, Cresco's infringement has been and continues to be willful. Cresco has had knowledge of the '532 patent, and without a good faith belief of invalidity or noninfringement, has known or been willfully blind to the fact that its use of the MeP 30 Extraction System and ExtractionTek Method infringes the '532 patent.

38. Gene Pool is entitled to recover the damages sustained as a result of Cresco's wrongful acts in an amount subject to proof at trial.

39. Gene Pool has been damaged by Cresco's infringement of the '532 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**COUNT 3 – CLAIM FOR INFRINGEMENT OF THE '203 PATENT**

40. Gene Pool repeats and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

41. On March 7, 2017, the United States Patent and Trademark Office issued U.S. Patent No. 9,587,203, titled "Methods for Extracting Solute from a Source Material." Exhibit 3.

42. Gene Pool is the owner of the '203 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

43. The claims of the '203 patent were duly issued by the United States Patent and Trademark Office and are presumed by statute to be valid.

44. Cresco has directly infringed and continues to directly infringe one or more claims of the '203 patent, including at least claim 18, pursuant to 35 U.S.C. § 271(a) by using the Accused Systems and the ExtractionTek Method to extract solutes from cannabis plant source material without authority from Gene Pool.

45. Attached hereto as Exhibit 9, and incorporated by reference herein, is a claim chart detailing how Cresco's use of the MeP 30 Extraction System and the ExtractionTek Method infringes at least claim 18 of the '203 patent. The descriptions within the exhibit, which are based on publicly available information, are preliminary examples only, and are non-limiting.

46. Gene Pool contends that each element of each asserted claim is literally present in Cresco's use of the MeP 30 Extraction System and the ExtractionTek Method. Alternatively, Gene Pool contends that each such element is present under the doctrine of equivalents.

47. Cresco is not authorized to practice the claims of the '203 patent.

48. Since at least service of this Complaint, Cresco's infringement has been and continues to be willful. Cresco has had knowledge of the '203 patent, and without a good faith belief of invalidity or noninfringement, has known or been willfully blind to the fact that its use of the MeP 30 Extraction System and the ExtractionTek Method infringes the '203 patent.

49. Gene Pool is entitled to recover the damages sustained as a result of Cresco's wrongful acts in an amount subject to proof at trial.

50. Gene Pool has been damaged by Cresco's infringement of the '203 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**COUNT 4 – CLAIM FOR INFRINGEMENT OF THE '368 PATENT**

51. Gene Pool repeats and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

52. On December 20, 2022, the United States Patent and Trademark Office issued U.S. Patent No. 11,530,368, titled "Methods for Extracting Solute from a Source Material." Exhibit 4.

53. Gene Pool is the owner of the '368 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

54. The claims of the '368 patent were duly issued by the United States Patent and Trademark Office and are presumed by statute to be valid.

55. Cresco has directly infringed and continues to directly infringe one or more claims of the '368 patent, including at least claim 12, pursuant to 35 U.S.C. § 271(a) by using the Accused

Systems and the ExtractionTek Method to extract solutes from cannabis plant source material without authority from Gene Pool.

56. Attached hereto as Exhibit 10, and incorporated by reference herein, is a claim chart detailing how Cresco's use of the MeP 30 Extraction System and the ExtractionTek Method infringes at least claim 12 of the '368 patent. The descriptions within the exhibit, which are based on publicly available information, are preliminary examples only, and are non-limiting.

57. Gene Pool contends that each element of each asserted claim is literally present in Cresco's use of the MeP 30 Extraction System and the ExtractionTek Method. Alternatively, Gene Pool contends that each such element is present under the doctrine of equivalents.

58. Cresco is not authorized to practice the claims of the '368 patent.

59. Since at least service of this Complaint, Cresco's infringement has been and continues to be willful. Cresco has had knowledge of the '368 patent, and without a good faith belief of invalidity or noninfringement, has known or been willfully blind to the fact that its use of the MeP 30 Extraction System and the ExtractionTek Method infringes the '368 patent.

60. Gene Pool is entitled to recover the damages sustained as a result of Cresco's wrongful acts in an amount subject to proof at trial.

61. Gene Pool has been damaged by Cresco's infringement of the '368 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT 5 – CLAIM FOR INFRINGEMENT OF THE '194 PATENT

62. Gene Pool repeats and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

63. On January 31, 2023, the United States Patent and Trademark Office issued U.S. Patent No. 11,565,194, titled "Systems for Extracting Solute from a Source Material." Exhibit 5.

64. Gene Pool is the owner of the ’194 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

65. The claims of the ’194 patent were duly issued by the United States Patent and Trademark Office and are presumed by statute to be valid.

66. Cresco has directly infringed and continues to directly infringe one or more claims of the ’194 patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a) by using the Accused Systems to extract solutes from cannabis plant source material without authority from Gene Pool.

67. Attached hereto as Exhibit 11, and incorporated by reference herein, is a claim chart detailing how Cresco’s use of the MeP 30 Extraction System infringes at least claim 1 of the ’194 patent. The descriptions within the exhibit, which are based on publicly available information, are preliminary examples only, and are non-limiting.

68. Gene Pool contends that each element of each asserted claim is literally present in Cresco’s use of the MeP 30 Extraction System. Alternatively, Gene Pool contends that each such element is present under the doctrine of equivalents.

69. Cresco is not authorized to practice the claims of the ’194 patent.

70. Since at least service of this Complaint, Cresco’s infringement has been and continues to be willful. Cresco has had knowledge of the ’194 patent, and without a good faith belief of invalidity or noninfringement, has known or been willfully blind to the fact that its use of the MeP 30 Extraction System infringes the ’194 patent.

71. Gene Pool is entitled to recover the damages sustained as a result of Cresco’s wrongful acts in an amount subject to proof at trial.

72. Gene Pool has been damaged by Cresco’s infringement of the ’194 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## JURY DEMAND

73. Gene Pool demands a jury trial pursuant to Federal Rule of Civil Procedure 38 for all issues so triable.

## RELIEF REQUESTED

Gene Pool prays for the following relief:

A. A judgment in favor of Gene Pool that Cresco has infringed the Asserted Patents, and that the Asserted Patents are valid and enforceable;

B. A judgment and order requiring Cresco to pay Gene Pool past and future damages arising out of Cresco's infringement of the Asserted Patents in an amount no less than a reasonable royalty, costs, expenses, and pre- and post-judgment interest for its infringement of the Asserted Patents, as provided under 35 U.S.C. § 284;

C. A judgment and order requiring Cresco to provide an accounting and to pay supplemental damages to Gene Pool, including, without limitation, pre-judgment and post-judgment interest;

D. A judgment that since at least service of this Complaint, Cresco's infringement is willful and enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284;

E. A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Gene Pool's reasonable attorney fees and costs; and

F. Any and all other relief to which Gene Pool may be entitled.

Dated: August 18, 2026

Respectfully submitted,

*/s/ Dale Chang*
Dale Chang (ARDC No. 6319833)
dchang@raklaw.com
Sarah Wang (ARDC No. 6322872)
swang@raklaw.com
RUSS AUGUST & KABAT
33 N. Dearborn St., Suite 1000
Chicago, IL 60602
Tel: 310-826-7474
Fax: 310-826-6991

Irene Lee*
ilee@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Tel: 310-826-7474
Fax: 310-826-6991

Ryan R. Owens*
ryan.owens@spearheadlegal.com
SPEARHEAD LEGAL LLP
620 Newport Center Dr., Suite 1100
Newport Beach, CA 92660
Tel: 949-409-8401
Fax: 949-336-3830

**Pro hac vice* application forthcoming

**ATTORNEYS FOR PLAINTIFF,**
**Gene Pool Technologies, Inc.**